IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| LERIN HUGHES,<br><br>　　　Plaintiff,<br><br>v.<br><br>.MALONEY,<br><br>　　　Defendants. | Case No. 2:23-cv-02243-JEH |

### Order

Plaintiff, proceeding pro se and presently incarcerated at Residential Reentry Center in Peoria, Illinois, was granted leave to proceed *in forma pauperis*. The Court dismissed Plaintiff's original and amended complaints with leave to amend. (Docs. 15, 22); Text Order entered Jan. 31, 2025. The matter is now before the Court for ruling on Plaintiff's Motions for Leave to File an Amended Complaint. (Docs. 27, 30).

**I**

A district court should "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, undue prejudice to defendants, or where the amendment would be futile." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 855 (7th Cir. 2017).

Plaintiff's motions (Docs. 27, 30) list the same defendants and the bodies of each proposed complaint appear identical. Plaintiff's first motion (Doc. 27) is denied as moot. Plaintiff's most recent motion (Doc. 30) is granted.

## II

### A

The Court must "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B

Plaintiff alleges that she was detained at Macon County Jail ("jail"). She alleges that she suffered from an infection in four teeth, and that she was pregnant during at least part of her detention at the facility. Plaintiff alleges that the defendant nurses (Tammy, Emily, Angi, and Tamika) and the psychologist (Janice) prescribed the same antibiotic for over one year despite her continued complaints of pain and that the medication was not effective. Plaintiff alleges that the failure to treat the infection resulted in "erosion" and removal of several teeth.

Plaintiff alleges that Defendants Tammy, Emily, Angi, and Tamika ignored her OBGYN physician's instructions to move Plaintiff to an area of the jail where she would not be forced to sit on concrete floors from 7 a.m. to 10 p.m. each day

2

while pregnant. Plaintiff alleges that sitting on the concrete floors also aggravated her spina bifida and scoliosis.

Plaintiff alleges that she suffered from depression resulting from a lack of sunlight and time spent outdoors, that the food she was served was "spoiled, uncooked, and [contained] metal material," and that medical staff ignored her complaints of chest pain. Plaintiff alleges that she was forced to "shower naked on camera."

## C

Detainees have a right to adequate medical care under the Due Process Clause of the Fourteenth Amendment. *Burton v. Downey*, 805 F.3d 776, 784 (7th Cir. 2015). To prevail, Plaintiff must show that an official's deliberate or reckless conduct was objectively unreasonable. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352-53 (7th Cir. 2018). Specifically, a plaintiff must show that (1) he or she suffered from an objectively serious medical condition; and (2) that the officials' responses to it were objectively unreasonable. *Williams v. Ortiz*, 937 F.3d 936, 942-943 (7th Cir. 2019).

A plaintiff may only recover under 42 U.S.C. § 1983 against officials who were personally involved in the alleged constitutional deprivations. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Officials cannot be held liable just because they were in charge. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Plaintiff's allegations that Defendants Tammy, Emily, Angi, and Tamika failed to provide or persisted with ineffective treatment for her dental infection, refused to follow a specialist's instructions, and ignored other conditions are

sufficient to state a Fourteenth Amendment claim for inadequate medical care against these defendants.

Plaintiff does not allege how Defendant Janice, in her capacity as a psychologist, would have been personally responsible for treating these conditions. Allegations that the alleged failure to provide medical treatment, lack of adequate daylight, spoiled food, or shower issues exacerbated Plaintiff's mental health conditions do not independently permit a plausible inference that treatment Defendant Janice provided was objectively unreasonable.

Plaintiff's allegations also do not permit a plausible inference that the named defendants were responsible for facilitating Plaintiff's outdoor time, preparing and serving food, or the shower issue. The Court finds that Plaintiff fails to state a claim against Defendant Janice or against the named defendants for issues other than those discussed above.

### III

Plaintiff states a Fourteenth Amendment claim against Defendants Tammy, Emily, Angi, and Tamika in their individual capacities. *Miranda*, 900 F.3d at 352-53 (7th Cir. 2018). Plaintiff does not state any additional claims based upon her other allegations or against the remaining defendants. Defendant Janice and any previously named defendants not included in Plaintiff's amended complaint will be dismissed.

**Therefore:**

**1.    Plaintiff's Motion for Leave to File Amended Complaint [27] is DENIED as moot.**

**2.    Plaintiff's Motion for Leave to File Amended Complaint [30] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

3.  Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states a Fourteenth Amendment claim against Defendants Tammy, Emily, Angi, and Tamika in their individual capacities. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

4.  This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

5.  The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

6.  With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

7.  The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

8.  This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive

electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

9. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

10. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

13. The clerk is directed to add Emily, Angi, and Janice as defendants.

14. The clerk is directed to terminate Maloney, Renfro, Geotz, Rachel Davis, Jim Root, Unknown Jail Administrator, Beltener, Barrows, Michelle Stein, Heather Davis, Bryd, Jackson, Shaw, Eskridge, Warner, French, Diericks, and Janice as defendants.

15. The clerk is directed to attempt service on Nurse Tammy, Head Nurse Tamika, Emily, and Angi pursuant to the standard procedures.

*It is so ordered.*

Entered: March 6, 2025

s/Jonathan E. Hawley
U.S. District Judge